(59 App. Div. 300.)

### BARRETT v. BAILEY.

(Supreme Court, Appellate Division, Third Department. March 8, 1901.)

CLAIM AGAINST DECEDENT'S ESTATE—SUFFICIENCY OF EVIDENCE.

 Plaintiff's husband testified that defendant's intestate agreed to pay his wife $25 a year in addition to her monthly wages if she would continue in his service, the money to be paid her on the death of intestate. Two disinterested witnesses testified that intestate told them that he had made such an agreement. There was evidence that the intestate stated that he was keeping the money for her, and it was shown that he was friendly to her, and that he thought she would give the money to her family if paid to her. *Held* sufficient to warrant a recovery against intestate's estate.

Appeal from judgment on report of referee.

Claim by Emma Barrett against James B. Bailey, as administrator, etc., of Asa A. Shepherd. From a judgment dismissing plaintiff's claim, she appeals. Reversed.

The issues in this action arise upon the defendant's rejection of plaintiff's claim. Upon defendant's offer to refer, the issue was referred to a referee to hear, try, and determine. From the judgment dismissing the claim entered upon the report of said referee, this appeal is taken.

Argued before PARKER, P. J., and KELLOGG, EDWARDS, SMITH, and CHASE, JJ.

Nash Rockwood, for appellant.
John H. Healey, Jr., for respondent.

SMITH, J. The judgment appealed from denied to the plaintiff the right to recover moneys claimed to be due upon a special contract with defendant's intestate for extra compensation for services to be paid at his death. For 12 years prior to 1890 she worked in his family as a domestic, and received therefor compensation at the rate of $5 a month. Plaintiff here claims a further consideration in an agreement by him to pay at his death $25 per year as additional compensation.

The finding of the referee is that no such contract was made, and that what was said in reference to the payment of $25 a year "was simply that he would make her a present or a voluntary payment, the same as he did his children"; and the referee further finds that there is no proof that he made his children presents. The promise

of Shepherd at his death to give to the plaintiff $25 a year for her work for him seems to be proven.   This fact rests not alone upon the testimony of the plaintiff's husband.   His testimony is corroborated by the witness Van Order and the witness Crandall.   The witness Crandall, a practicing physician of the town, was endeavoring to procure the services of the plaintiff.   It is a fair inference from the evidence that he was willing to pay the plaintiff from two to three dollars a week for her services.   In speaking of a conversation with the deceased, he swears: "He gave this as a reason why she should remain with him; that there had been a bargain between him and Mrs. Barrett that at his death she should have $25 a year for each year that she was there as wages for her work."   The evidence of the witness Van Order, while not so specific, is of the same import.   There further appear special reasons why the contract should have been made in this form.   From the evidence of the witness Mott it appears that the deceased said that it made no difference what the plaintiff had; "that it would go right to the family; said that she clothed her brother; said that he wished he could save something for her."   At other times the deceased said that he was keeping this money for her, and that it was bearing interest.

With the fact clearly established that he had made the statement to her that she was to receive $25 a year in addition to her wages at his death, the finding of the referee that this was a promise of a present or voluntary gift, which was not in consideration of her wages, is not satisfactory.   While the promise was at times spoken of as one to make a present, such promise undoubtedly acted as a material inducement to her in remaining in the service of the deceased.   She declined wages from Dr. Crandall materially in excess of the five dollars a month which she was receiving from the deceased.   Thus induced by defendant's intestate to remain in his service, we see no moral or legal ground for refusing her the benefit of the promise.   That claims against estates should be most carefully scrutinized, and should be established only upon clear and satisfactory proof, is a just rule of decision.   That these promises were made to the plaintiff, and were relied upon by her, seems to have been clearly proven.   From these facts a legal liability follows.

Judgment reversed on the law and facts, referee discharged, and new trial granted, with costs to appellant to abide event, subject to sections 1835 and 1836 of the Code of Civil Procedure.   All concur.